# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>58 Lower Beach Road, Windham, ME 04062 |
| **James C. Dodge** | Mortgage:<br>September 12, 2006<br>Book 24382, Page 326<br>Cumberland County Registry of Deeds |
| **Defendant**<br>**James B. Barns**<br>**Discover Bank**<br>**Maine Revenue Services**<br>**Maine Department of Health and Human Services (DHHS) - Division of Support Enforcement and Recovery** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, James C. Dodge, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, in which the Defendant, James C. Dodge, is the obligor and the total amount owed under the terms of the Note as of November 28, 2022, is Five Hundred Eleven Thousand Two Hundred Ninety and 10/100 ($511,290.10) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1 is a National Association with its principal place of business located at One Home Campus, Des Moines, IA 50328.

5. The Defendant, James C. Dodge, is a resident of Windham, County of Cumberland and State of Maine.

6. The Party-in-Interest, James B. Barns, is located at 361 US Route 1, Falmouth, ME 04105.

7. The Party-in-Interest, Discover Bank, is located at 502 East Market Street, Greenwood, DE 19950.

8. The Party-in-Interest, Maine Department of Health and Human Services (DHHS) - Division of Support Enforcement and Recovery, is located at Office of the Maine Attorney General, 125 Presumpscot Street, Suite 26, Portland, ME 04103.

9. The Party-in-Interest, Maine Revenue Services, is located at c/o Kaitlyn M. Husar, Esq., Office of the Maine Attorney General, 6 State House Station, Augusta, ME 04333.

## FACTS

10. On September 2, 1997, by virtue of a Warranty Deed from Steven E. Bernard, which is recorded in the Cumberland County Registry of Deeds in **Book 13689, Page 258**, the property situated at 58 Lower Beach Road, City/Town of Windham, County of Cumberland, and State of Maine, was conveyed to James C Dodge, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

11. On September 12, 2006, Defendant, James C. Dodge, executed and delivered to Mortgage Lenders Network USA, Inc. a certain Note under seal in the amount of $172,000.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

12. To secure said Note, on September 12, 2006, Defendant, James C. Dodge, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Mortgage Lenders Network USA, Inc., securing the property located at 58 Lower Beach Road, Windham, ME 04062 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 24382**, **Page 326**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1 C/O BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. by virtue of an Assignment of Mortgage dated December 16, 2009 and recorded in the Cumberland County Registry of Deeds in **Book 27516**, **Page 235**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1 by virtue of an Judgment Nunc Pro Tunc from the Portland County Superior Court, Docket No. RE-15-09 entered on September 30, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32702, Page139.** *See* Exhibit E (a true and correct copy of the Nunc Pro Tunc Judgment is attached hereto and incorporated herein).

15. The Mortgage was further assigned to Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1 by virtue of a Quitclaim Assignment dated July 13, 2022 and recorded in the Cumberland County Registry of Deeds in **Book 39600**, **Page 252**. *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

16. On September 29, 2022, the Defendant, James C. Dodge, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, James C. Dodge, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

18. The Defendant, James C. Dodge, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

22. James B Barns is a potential Party-in-Interest pursuant to a Short Form Mortgage Deed in the amount of $1,910.00 dated February 7, 2007 and recorded in the Cumberland County Registry of Deeds in **Book 24864**, **Page 148, which, upon information and belief has been paid in full and should be discharged and/or is unenforceable under Maine state law and should be discharged by this Court** and may be in second position behind Plaintiff's Mortgage.

23. Discover Bank is a Party-in-Interest pursuant to a Writ of Execution in the amount of $3,628.14 dated September 11, 2011 and recorded in the Cumberland County Registry of Deeds in **Book 29015**, **Page 277** and is in third position behind Plaintiff's Mortgage.

24. Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $1,796.71 dated February 4, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 34644**, **Page 180** and pursuant to a second Notice of State Lien in the amount of $6,125.60 dated March 1, 2018, and recorded in the Cumberland County Registry of Deeds in Book 34694, Page 117 and is in fourth and fifth positions behind Plaintiff's Mortgage.

25. Maine Department of Health and Human Services (DHHS) - Division of Support Enforcement and Recovery is a Party-in-Interest pursuant to a Notice of Support Lien in the amount of $10,955.28 dated December 17, 2018, and recorded in the Cumberland

County Registry of Deeds in **Book 35395**, **Page 47** and is in sixth position behind Plaintiff's Mortgage.

26. The total debt owed under the Note and Mortgage as of November 28, 2022 is Five Hundred Eleven Thousand Two Hundred Ninety and 10/100 ($511,290.10) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $171,286.59 |
| Interest | $224,785.84 |
| Unpaid Late Charges | $398.90 |
| Total Advances | $8,158.13 |
| Escrow Advance | $105,579.06 |
| Interest on Advances | $1,081.58 |
| Grand Total | $511,290.10 |

27. Upon information and belief, the Defendant, James C. Dodge, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

28. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 58 Lower Beach Road, Windham, County of Cumberland, and State of Maine. *See* Exhibit A.

30. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, is the holder of the Note referenced in Paragraph 11 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205,

128 Me. 280 (1929). As such, Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, has the right to foreclosure and sale upon the subject property.

31. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, is the current owner and investor of the aforesaid Mortgage and Note.

32. The Defendant, James C. Dodge, is presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2008, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

33. The total debt owed under the Note and Mortgage as of November 28, 2022 is Five Hundred Eleven Thousand Two Hundred Ninety and 10/100 ($511,290.10) Dollars.

34. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. By virtue of the Defendant, James C. Dodge's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

36. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, James C. Dodge, on September 29, 2022, evidenced by the Certificate of Mailing. *See* Exhibit G.

37. The Defendant, James C. Dodge, is not in the Military as evidenced by the attached Exhibit G.

38. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

39. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. On September 12, 2006, the Defendant, James C. Dodge, executed under seal and delivered to Mortgage Lenders Network USA, Inc. a certain Note in the amount of $172,000.00. *See* Exhibit B.

41. The Defendant, James C. Dodge, is in default for failure to properly tender the July 1, 2008 payment and all subsequent payments. *See* Exhibit G.

42. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, James C. Dodge.

43. The Defendant, James C. Dodge, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

44. The Defendant, James C. Dodge's, breach is knowing, willful, and continuing.

45. The Defendant, James C. Dodge's, breach has caused Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

46. The total debt owed under the Note and Mortgage as of November 28, 2022, if no payments are made, is Five Hundred Eleven Thousand Two Hundred Ninety and 10/100 ($511,290.10) Dollars.

47. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

48. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

49. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, repeats and re-alleges paragraphs 1 through 48 as if fully set forth herein.

50. By executing, under seal, and delivering the Note, the Defendant, James C. Dodge, entered into a written contract with Mortgage Lenders Network USA, Inc. who agreed to loan the amount of $172,000.00 to the Defendant.  *See* Exhibit B.

51. As part of this contract and transaction, the Defendant, James C. Dodge, executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

52. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, is the proper holder of the Note and successor-in-interest to Mortgage Lenders Network USA, Inc., and has performed its obligations under the Note and Mortgage.

53. The Defendant, James C. Dodge, breached the terms of the Note and Mortgage by failing to properly tender the July 1, 2008 payment and all subsequent payments.  *See* Exhibit G.

54. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, James C. Dodge.

55. The Defendant, James C. Dodge, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

56. The Defendant, James C. Dodge, is indebted to Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1 in the sum of Five Hundred Eleven Thousand Two Hundred Ninety and 10/100 ($511,290.10) Dollars, for money lent by the Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, to the Defendant.

57. Defendant, James C. Dodge's, breach is knowing, willful, and continuing.

58. Defendant, James C. Dodge's, breach has caused Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

59. The total debt owed under the Note and Mortgage as of November 28, 2022, if no payments are made, is Five Hundred Eleven Thousand Two Hundred Ninety and 10/100 ($511,290.10) Dollars.

60. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

61. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV – UNJUST ENRICHMENT

62. The Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, repeats and re-alleges paragraphs 1 through 61 as if fully set forth herein.

63. Mortgage Lenders Network USA, Inc., predecessor-in-interest to Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, loaned the Defendant, James C. Dodge, $172,000.00.  *See* Exhibit B.

64. The Defendant, James C. Dodge, has failed to repay the loan obligation.

65. As a result, the Defendant, James C. Dodge, has been unjustly enriched to the detriment of the Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1 as successor-in-interest to Mortgage Lenders Network USA, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

66. As such, the Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, is entitled to relief.

67. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, upon the expiration of the period of redemption;

c) Find that the Defendant, James C. Dodge, is in breach of the Note by failing to make payment due as of July 1, 2008, and all subsequent payments;

d) Find that the Defendant, James C. Dodge, is in breach of the Mortgage by failing to make payment due as of July 1, 2008, and all subsequent payments;

e) Find that the Defendant, James C. Dodge, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, James C. Dodge, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due July 1, 2008 and all subsequent payments;

g) Find that the Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, James C. Dodge has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, to restitution;

j) Find that the Defendant, James C. Dodge, is liable to the Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, for money had and received;

k) Find that the Defendant, James C. Dodge, has appreciated and retained the benefit of the Mortgage and the subject property;

l) Find that it would be inequitable for the Defendant, James C. Dodge, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

m) Find that the Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, is entitled to restitution for this benefit from the Defendant, James C. Dodge;

n) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

o) Additionally, issue a money judgment against the Defendant, James C. Dodge, and in favor of the Plaintiff, Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1, in the amount of Five Hundred Eleven Thousand Two Hundred Ninety and 10/100 ($511,290.10 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

p) Find that the Mortgage to James B. Barns has been paid in full or is unenforceable under Maine law and should be discharged by the Court;

q) For such other and further relief as this Honorable Court deems just and equitable.

Dated: December 23, 2022

Respectfully Submitted,
Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1 ,
By its attorneys,

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com