| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, SS: | DISTRICT COURT<br>LOCATION-PORTLAND<br>CIVIL ACTION<br>DOCKET NO. RE-15-09 |

WELLS FARGO BANK, N.A. AS TRUSTEE
FOR THE HOLDERS OF SASCO 2007-MLN1,

**PLAINTIFF**

v.

MORTGAGE LENDERS NETWORK USA, INC., the Heirs and/or successors of MORTGAGE LENDERS NETWORK USA, INC., and Anyone Claiming By, Through, or Under MORTGAGE LENDERS NETWORK USA, INC., and the legal heirs, representatives, devisees, assigns, trustees in bankruptcy, disseizors, creditors, lienors and any and all other persons unascertained or not in being or unknown or out of this state and all other persons who may claim any right, title, interest, or estate, legal or equitable, in the land and real estate and mortgage through or under MORTGAGE LENDERS NETWORK USA, INC.,

**DEFENDANTS**

**PROPERTY ADDRESS:**
**58 Lower Beach Road, Windham, Cumberland County, Maine**

**MORTGAGE RECORDED IN:**
**Cumberland County Registry of Deeds in Book 24382 at Page 326**

**TITLE TO REAL ESTATE IS INVOLVED**

STATE OF MAINE
Cumberland, ss, Clerk's Office

SEP 22 2015

RECEIVED

## JUDGMENT

This matter came before the Court on Plaintiff's Motion for Summary Judgment of Plaintiff's Complaint, upon notice and (without hearing) (after hearing), Plaintiff's Motion for Summary Judgment on Counts I, II, and III, is GRANTED.

Based upon the pleadings and affidavits, the Court finds as follows:

It is hereby ordered, adjudged, and decreed that Plaintiff's Motion is hereby GRANTED, and judgment is granted in Plaintiff's favor, on Counts I, II, and III, as follows:

This Court orders and that the rights, status and legal relationship between Wells Fargo and the Originating Lender and/or the Unknown Defendants, as may be applicable, with respect

EXHIBIT E

to certain real estate associated herewith and hereinafter referenced, be and hereby is affected by this Order, and shall be vested to and in the state of the following:

That it is hereby ORDERED as follows:

    a. that the rights, status and legal relationship between the parties with respect to the Mortgage and its assignment, are, to wit:

        i. equitable interest in favor of the Landowner, as applicable;

        ii. a legal interest, in full and unfractured, in favor of Wells Fargo, *nunc pro tunc*, to the date of the Mortgage, due to the assignment(s) now existing, including, without limitation, the initial assignment from MERS acting not only as assignment of its interest, but evidence of an assignment of Originating Lender's and the Unknown Defendants' intent to assign the totality of all interest(s) under the Mortgage;

        iii. that Originating Lender and the Unknown Defendants retain no interest not otherwise vested hereby through the assignment(s), other than subordinate interests to the Mortgage generally as they may now or hereafter appear, subordinate to those of Wells Fargo and/or the Landowners other than as may be senior by operation of law (municipal assessments).

That it is hereby FURTHER ORDERED, ADJUDGED, AND DECREED, as follows:

    a. that Originating Lender and the Unknown Defendants and/or any other relevant party(ies) are hereby be ordered to show cause why they should not bring an action pursuant to 14 M.R.S.A. § 6701 to try their right, title, or interest in the Mortgage as senior and superior to Wells Fargo's or as separate from Wells Fargo's;

    b. that Originating Lender and the Unknown Defendants and/or any other relevant party(ies) be ordered to bring said action in the event they cannot show cause;

    c. that Originating Lender and the Unknown Defendants having neither answered nor appeared, and thus having failed to show cause as of the date of entry hereof, if one or more of them fail to do so (show cause, or bring an action, or either, or both) prior to the statutory period for filing an appeal, that Originating Lender and the Unknown Defendants be forever barred from claiming any right, title or interest superior to or distinct from Wells Fargo in the Mortgage, other than the Landowner's(s') equity of redemption as would be theirs when granting a mortgage as mortgagors to a mortgagee;

    d. that judgment is granted hereunder in favor of Wells Fargo, vesting Wells Fargo with full, complete, unsplintered legal title to the Mortgage (as by virtue of mortgage covenants granted to Originating Lender as mortgagee by a mortgagor), free and clear of all senior claims other than those of equitable title by Defendant(s) as applicable, or any persons claiming by, through, or under them, which judgment shall operate directly on the land and shall have the

2

force of a release made by or on behalf of all of them of all claims inconsistent with the title established or declared thereby; and

    e. that recordation of an attested copy of this Judgment and Order, in the applicable Registry of Deeds, shall have the force and effect as if any and all necessary instruments were duly executed and recorded in said Registry, to effectuate such transfer and such status as aforesaid.

That it is hereby ALSO FURTHER ORDERED, ADJUDGED, AND DECREED, as follows:

    a. that, in accordance with its order hereinabove declaring the rights, status and legal relationship between the parties with respect to the Mortgage and its assignment, said order has been given to effectuate the intent of the parties as well as in the interests of equity and justice, to wit: equitable interest in favor of the Landowner, as applicable, a legal interest, in full and unfractured, in favor of Wells Fargo, *nunc pro tunc*, to the date of the Mortgage, due to the assignment(s) now existing, including, without limitation, the Original Assignment from MERS acting not only as an assignment of its interest, but evidence of its intent to assign and thus an actual assignment of Originating Lender's and/or the Unknown Defendants' total of all interest(s) under the Mortgage, that Originating Lender and/or the Unknown Defendants retain no interest not otherwise vested hereby through the Assignment(s), other than subordinate interests to the Mortgage generally as they may now or hereafter appear, subordinate to those of Wells Fargo and/or the Landowners other than as may be senior by operation of law (municipal assessments).

The following provisions are set forth pursuant to 14 M.R.S.A. § 2401:

The names and addresses, if known, of all parties to the action, including the counsel of record (if any or known), are on Schedule A attached hereto.

The docket number is 15-09.

The Court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure and not via other Order of this Court.

The street address of the real estate involved is 58 Lower Beach Rd, Windham, Cumberland County, Maine.

The description of the real estate involved is on Schedule B attached hereto.

Plaintiff is responsible for recording the attested copy of the judgment and for paying the appropriate recording fees.

3

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to Rule 54(b)(1).

The Clerk is specifically directed pursuant to M.R. Civ. P. Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

Date: 9/22/15

_____
Judge, Maine District Court

**Date entered in the docket book:** 9-30-15

### CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S.A. § 2401(3)(F)

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment was filed with the Clerk of Court in this action within the appeal period following the entry of judgment.

Dated: 10/23/15, 20__

Antoinette De Marco
Clerk of Court

4

## SCHEDULE A
## To Judgment

Plaintiff:
Wells Fargo Bank, N.A. as Trustee for the Holders of the Sasco 2007-MLN1

Counsel:
    Shechtman Halperin Savage LLP
    1080 Main Street
    Pawtucket, RI 02860

Defendant:
    Mortgage Lenders Network USA, Inc
    Corporation Guarantee and Trust Company
    1000 King St YCS&T
    Wilmington, DE 19801

Counsel:
    None known

Defendant:
    Mortgage Lenders Network USA, Inc, referred to as the legal heirs, representatives, devisees, assigns, trustees in bankruptcy, disseizors, creditors, lienors and any and all other persons unascertained or not in being or unknown or out of this state and all other persons who may claim any right, title, interest, or estate, legal or equitable, in the hereafter described land and real estate and mortgage through or under said Motgage Lenders Network USA, Inc in several different locations and/or their whereabouts are not known at this time

Counsel:
    None known

DOC :57908 BK:32702 PG:144
RECEIVED-RECORDED-REGISTER OF DEEDS
10/30/2015, 01:55:38P
CUMBERLAND COUNTY, NANCY A. LANE

## SCHEDULE B
## Description of the Real Estate

A CERTAIN LOT OR PARCEL OF LAND, TOGETHER WITH THE BUILDINGS THEREON, SITUATED IN THE TOWN OF WINDHAM, COUNTY OF CUMBERLAND, AND STATE OF MAINE, BEING LOT NUMBER SIXTY-TWO (62) AS SHOWN ON PLAN OF LOTS AT HIGHLAND LAKE BEACHES, MADE BY WILLIAM E. WINSLOW, SURVEYOR, DATED SEPTEMBER 1, 1929, AND RECORDED IN THE CUMBERLAND COUNTY REGISTRY OF DEEDS IN PLAN BOOK 19 AT PAGE 23.

TOGETHER WITH THE FEE, SO FAR AS THE GRANTOR HAS THE RIGHT SO TO CONVEY THE SAME, OF ALL THE STREETS AND WAYS SHOWN ON SAID PLAN, AND SUBJECT TO THE RIGHT OF ALL SAID LOT OWNERS TO MAKE ANY CUSTOMARY USE OF SAID STREETS AND WAYS.

BEING THE SAME PREMISES CONVEYED TO JAMES C DODGE BY DEED OF STEVEN E. BERNARD RECORDED ON MARCH 25, 1998 IN THE CUMBERLAND COUNTY REGISTRY OF DEEDS AS BOOK 13689, PAGE 258.

2