UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br> AS TRUSTEE FOR THE HOLDERS <br> OF SASCO 2007-MLN1**,** <br> <br>       **Plaintiff** <br> <br> v. <br> <br> **JAMES C. DODGE,** <br> <br>       **Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 2:22-cv-00412-LEW<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFF'S MOTION FOR ALTERNATE SERVICE**

Wells Fargo Bank, N.A., as Trustee for the Holders of SASCO 2007-MLN1, asks the Court to grant its motion for alternate service upon James C. Dodge by deeming a prior attempted service sufficient in light of Dodge's actual knowledge of this suit.  *See* Motion (ECF No. 31).  For the reasons that follow, I grant the motion with the proviso that Wells Fargo mail a copy of the complaint, summons, and this order in an envelope addressed to Dodge at his residence and file an affidavit with the Court demonstrating its compliance with this order.

          **I.**      **Legal Standard**

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process . . . ." *Edson v.*

1

*Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL 3257003, at *2 (D. Me. June 13, 2016); Fed. R. Civ. P. 4(e)(2). Service may also be accomplished "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where service is made." *Edson*, 2016 WL 3257003, at *2; Fed. R. Civ. P. 4(e)(1).

Maine law allows service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1); Me. R. Civ. P. advisory committee's note to 2010 amendment ("Before a party can obtain an order allowing service by any alternate means, that party must first demonstrate that he or she has exhausted all reasonable attempts to make service in one of the other ways prescribed by Rule 4 (or by applicable statute) that are designed to provide actual notice of the action to the party to be served.").

To meet that standard, the movant must provide "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule 4(g)(2), as well as an affidavit showing that (1) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute," (2) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process," and (3) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." Me. R. Civ. P. 4(g)(1)-(2). Maine allows alternate service

2

to be made "by leaving a copy of the order authorizing service by alternate means, the summons, complaint, and notice regarding Electronic Service at the defendant's dwelling house or usual place of abode," "by publication unless a statute provides another method of notice," or "electronically or by any other means not prohibited by law." Me. R. Civ. P. 4(g)(1).

## II. Background

Beginning in January 2023, Wells Fargo made multiple attempts to serve Dodge at his residence—the property in Windham, Maine, that is the subject of this foreclosure action. A deputy sheriff attempted to serve process on Dodge on January 11, 14, and 19, 2023, at the subject property address, but there was no response. Affidavit of Reneau J. Longoria, Esq. (ECF No. 31-1) ¶¶ 2-4. The deputy left her business card with her contact information at the residence on the first two attempts. *Id.* The deputy spoke with neighbors who stated that Dodge did live at the property address but that they seldom saw him and he seldom left his home. *Id.* ¶ 5. The deputy also observed a black pickup truck on the premises on each occasion she attempted service. *Id.* ¶ 6. Wells Fargo next hired a process server who attempted to serve Dodge multiple times between February 21, 2023, and March 3, 2023, but Dodge did not answer his door. *Id.* ¶¶ 7-8, 12. The process server spoke to neighbors who confirmed that Dodge resided at the subject property address and was well-known to them. *Id.* ¶¶ 9-10. When the process server made his final attempt to serve Dodge on March 3, 2023, he left the summons and complaint at the subject property. *Id.* ¶ 12.

On March 31, 2023, counsel for Wells Fargo filed a motion to stay and refer this matter to the State of Maine Foreclosure Diversion Program for mediation, which the Court granted on the same date. *Id.* ¶ 13. On July 14, 2023, Dodge and three others—a representative of Wells Fargo, counsel for Wells Fargo, and a housing counselor—attended a mediation held by Zoom. *Id.* ¶ 14. During the mediation, Dodge expressed his interest in retaining the subject property, and the parties continued the mediation to allow him to pursue his options. *Id.* ¶ 15. That day a copy of the summons, complaint, and an acceptance of service were sent to the housing counselor, whom the parties had agreed would serve them upon Dodge. *Id.* ¶ 16. Mediation resumed on October 27, 2023, but was unsuccessful. *Id.* ¶ 21. The housing counselor never received an acceptance of service from Dodge. *Id.* ¶ 22.

### III.   Discussion

Wells Fargo has demonstrated both its diligence in its efforts to serve Dodge by traditional methods and the futility of any such further efforts. Dodge avoided service by both a deputy sheriff and a process server and then failed to return an acceptance of service as contemplated by the parties in mediation. Dodge also plainly has actual notice of the pendency of this action.

One issue remains: whether Wells Fargo's proposed form of service is appropriate. I conclude that it is, with the proviso that Wells Fargo take the additional steps of (1) mailing a copy of the complaint, summons, and this order in an envelope addressed to Dodge at his residence and (2) filing an affidavit on the docket demonstrating its compliance with this order.

Wells Fargo asks that this Court both grant its motion for alternative service and deem that service complete on the basis of its March 3, 2023, delivery of the summons and complaint to Dodge's residence and Dodge's later participation in mediation designed to resolve this foreclosure suit. *See* Motion at 1 (citing ECF No. 17-2). Yet, as this Court has recognized, even in cases in which a defendant has actual knowledge of a lawsuit, Maine Rule of Civil Procedure 4(g) contemplates the authorization of *proposed* alternative service, not merely the *retrospective approval* of steps already taken in a failed attempt to effectuate service by traditional means. *See* Me. R. Civ. P. 4(g)(1); *Fed. Nat'l Mortg. Ass'n v. Pierce,* No. 1:22-cv-00281-LEW, 2024 WL 69635, at *2 (D. Me. Jan. 5, 2024) (directing, in a case in which the plaintiff moved for alternate service based on a prior mailing to the defendant plus the defendant's actual knowledge of the case, that the plaintiff also post a copy of the amended complaint, summons, and the Court's order at the defendant's residence); *Pierce*, ECF No. 36 at 2 (D. Me. Mar. 20, 2024) (observing that Rule 4(g) contemplates that a party will obtain leave of court to serve by alternate means *before service is made*" (emphasis added)). Accordingly, I direct that Wells Fargo mail a copy of the complaint, summons, and this order in an envelope addressed to Dodge at his residence.

Pursuant to Rule 4(g)(3), Wells Fargo shall also file with the Court "an affidavit demonstrating that . . . compliance with [this] order has occurred." Me. R. Civ. P. 4(g)(3); *Girard v. Dodd*, No. 2:16-cv-165-DBH, 2016 WL 4734373, at *1 (D. Me. Sept. 9, 2016) (observing that the plaintiff complied with Rule 4(g)(3) when, among other

5

things, he filed an affidavit with the Court averring that alternate service had been made as ordered). Service shall be deemed complete upon the date of the filing of the required affidavit on the Court's docket. *See* Me. R. Civ. P. 4(g)(3) (directing that service by alternate means "is complete on the twenty-first day after the first service *or as provided in the court's order*" (emphasis added)).

## IV.  Conclusion

For the foregoing reasons, Wells Fargo's motion for alternate service is **GRANTED** as follows. Service may be accomplished by leaving a copy of the summons and complaint at Dodge's residence as reflected on the docket (ECF No. 17-2) and by mailing a copy of the summons, complaint, and this order to Dodge at his residence. Wells Fargo shall then file an affidavit on the Court's docket demonstrating its compliance with this order, at which time service shall be deemed complete.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: March 27, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge