UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee for the Holders of SASCO 2007-MLN1, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   No. 2:22-cv-00412-LEW |
| JAMES C. DODGE, | ) ) |
| Defendant, | ) ) |
| JAMES B. BARNS, DISCOVER BANK, MAINE REVENUE SERVICES, MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) ) ) ) |
| Parties-in-Interest. | ) |

## JUDGMENT OF FORECLOSURE AND SALE

58 LOWER BEACH ROAD, WINDHAM, ME 04062
Mortgage Dated Sept. 12, 2006
Book 24382, Page 326

The matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment (ECF No. 47) on October 2, 2024.

Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Holders of SASCO 2007-MLN1, was present and represented by Reneau J. Longoria, Esq.

Defendant and Mortgagor, James C. Dodge, presently in default, did not appear.

Party-In-Interest James B. Barns did not appear.

Party-In-Interest Discover Bank, presently in default, did not appear;

Party-In-Interest Maine Revenue Services did not appear;

Party-In-Interest, Maine Department of Health and Human Services (DHHS) - Division of Support Enforcement and Recovery did not appear.  However, on January 2, 2024, DHHS appeared through counsel and advised the Court that it released its lien and did not intend to further appear or defend.

All persons interested having been duly notified in accordance with the law, and after hearing, the Plaintiff's Motion for Default Judgment is GRANTED.  Count II - Breach of Note; Count III - Breach of Contract, Money Had and Received; Count IV - Unjust Enrichment are hereby **DISMISSED** at the request of the Plaintiff.  **JUDGMENT** on Count I - Foreclosure and Sale is hereby **ENTERED** as follows:

1. If the Defendant or his/her heirs or assigns pay Wells Fargo Bank, N.A., as Trustee for the Holders of SASCO 2007-MLN1 ("Wells Fargo") the amount adjudged due and owing ($558,963.12) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, Wells Fargo shall forthwith discharge the Mortgage and file a dismissal of this action.  The following is a breakdown of the amount due and owing:

| | |
|---|---|
| Principal Balance | $171,286.59 |
| Interest | $257,438.39 |
| Escrow Advance | $115,966.66 |
| Recoverable Corporate Advance Balance | $4,159.66 |
| Attorney Fees & Costs | $8,403.52 |
| Interest on Advances | $1,309.40 |
| Late Charges | $398.90 |
| Grand Total | $558,963.12 |

2.     If the Defendant or his/her heirs or assigns do not pay Wells Fargo the amount adjudged due and owing ($558,963.12) within 90 days of the judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, his/her remaining rights to possession of the Windham Property described in the caption of this Judgment shall terminate, and Wells Fargo shall conduct a public sale of said property in accordance with 14 M.R.S.A. § 6323, disbursing the proceeds first to itself in the amount of $558,963.12 after deducting the expenses of the sale, with any surplus to be disbursed pursuant to Paragraph 5 of this Judgment, and in accordance with 14 M.R.S.A. § 6324.  Wells Fargo may not seek a deficiency judgment against the Defendant pursuant to the Plaintiff's waiver of deficiency.

3.     In the event that the Defendant, and anyone occupying the premises, do not vacate the property upon termination of his/her right to possession, Wells Fargo may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

4.     Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

5     The amount due and owing is $558,963.12, and the mortgage loan is in default as the result of the Defendant Dodge's failure to comply with the terms of the Note, the object of this litigation, resulting in his material breach of both the Note and Mortgage.  Plaintiff has waived its deficiency, and accordingly this action does not seek personal liability on the part of the Defendant, and this Judgment shall serve exclusively as a judgment *in rem*.

6     The priority of interests is as follows:

First priority to Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1 has first priority, in the amount of $558,963.12, pursuant to the subject Note and Mortgage.

Second priority to James B. Barnes, pursuant to a Mortgage dated February 7, 2007, in the amount of $1,910.00, and recorded in the Cumberland County Registry of Deeds in Book 24864, Page 148, and pursuant to Affidavit of Priority Position (ECF No. 53) stating total due as of September 12, 2024, is $4,592.51.

Third priority to Maine Revenue Services pursuant to State Tax Liens, dated February 4, 2018, in the amount of $1,796.71, and recorded in the

Cumberland County Registry of Deeds in Book 34644, Page 180, and dated March 1, 2018, in the amount of $6,125.60, and recorded in the Cumberland County Registry of Deeds in Book 34694, Page 117.

Finally, to James C. Dodge, should the proceeds of sale prove sufficient.

7.  The following party was named in the action but did not answer or otherwise appear: Discover Bank.

8.  The prejudgment interest rate is the note rate of 9.35%, see 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is 10.55%, pursuant to 14 M.R.S.A. § 1602-C (the one year United States Treasury bill rate is the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue – December 2023, 4.55% plus 6% for a total post-judgment interest rate of 10.55%).

9.  The following information is included in this Judgment pursuant to 14 M.R.S.A. § 2401(3):

## Plaintiff

| | |
|---|---|
| Wells Fargo Bank, N.A. as Trustee for the Holders of SASCO 2007-MLN1<br>One Home Campus<br>Des Moines, IA 50328 | Reneau J. Longoria, Esq.<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center<br>Suite 303C<br>Beverly, MA 01915 |

## Defendant

| | |
|---|---|
| James C. Dodge<br>58 Lower Beach Road<br>Windham, ME 04062 | Defaulted |

## Parties-in-Interest

| | |
|---|---|
| James B. Barns<br>361 US Route 1<br>Falmouth, ME 04105 | Pro se |

4

| | |
|---|---|
| Discover Bank<br>502 East Market Street<br>Greenwood, DE 19950 | Defaulted |
| Maine Department of Health and Human Services (DHHS) | Jennifer Huston, Esq.<br>Office of the Maine Attorney General, 125 Presumpscot Street, Suite 26, Portland, ME 04103 |
| Maine Revenue Services | Kaitlyn M. Husar, Esq.<br>Office of the Maine Attorney General, 6 State House Station, Augusta, ME 04333 |

The docket number of this case is No. 2:22-cv-00412-LEW.

All parties to these proceedings received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

A description of the real estate involved, 58 Lower Beach Road, Windham, ME 04062, is set forth in Exhibit A to the Judgment herein.

The street address of the real estate involved is 58 Lower Beach Road, Windham, ME 04062.  The Mortgage was executed by the Defendant, James C. Dodge on September 12, 2006.  The book and page number of the Mortgage in the Cumberland County Registry of Deeds is Book 24382, Page 326.

Defendant, James C. Dodge, having failed to comply with the terms of the Note, the object of this litigation, is in breach of both the Note and Mortgage.  Plaintiff has waived its deficiency, and accordingly this action does not seek personal liability on the part of the Defendant, and this Judgment shall act solely as an *in rem* Judgment against the property, 58 Lower Beach Road, Windham, ME 04062.

SO ORDERED.

Dated this 2nd day of October, 2024

/s/ Lance E. Walker
Chief U.S. District Judge